NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEONARD CALVARUSO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> JPMORGAN CHASE BANK, N.A., <br><br> Defendant. | Civil Action No.: 14-4515 (JLL) <br><br> **ORDER** |

**THIS MATTER** comes before the Court by way of United States Magistrate Judge Joseph A. Dickson's May 4, 2015 Report and Recommendation [Docket Entry No. 26], recommending that the undersigned dismiss certain Plaintiff's claims without prejudice for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b). Further, Judge Dickson recommended that to the extent certain other Plaintiffs fail to comply with the directives contained in his Report and Recommendation, those Plaintiffs' claims should likewise be dismissed, without prejudice, for lack of prosecution. Magistrate Judge Dickson filed his Report and Recommendation pursuant to 28 U.S.C. § 636 (b)(1)(B). In relevant part, Judge Dickson noted that the Court now finds itself in the unenviable position of having to manage the procedural fallout created by Plaintiffs' former counsel's forced departure from the mass-joinder action that they created. The Court scheduled a March 27, 2015 conference as a means to bring the parties together to discuss the status of the case and necessary next steps, educate Plaintiffs regarding their responsibilities as litigants, and set a schedule intended to move this litigation forward at a reasonable pace. Judge Dickson noted that given the large number of pro se plaintiffs involved in this case, effective case management is difficult under even the best of circumstances. Where, as here, nearly two-thirds of the named Plaintiffs appear to have simply ignored the Court's directives, case management becomes nearly impossible.

The Court contemporaneously sent copies of its February 17, 2015 Letter Order to all named Plaintiffs by both regular and certified mail, using the last-known addresses provided by their former counsel. (See ECF Nos. 14, 15). Judge Dickson noted that the United States Court of Appeals for the Third Circuit has recognized that "[o]rdinary mail that is properly sent is presumed

to be received by the addressee." *Patil v. Attorney General of the United States*, 326 F. App'x 667, 669 (3d Cir. 2009) (internal citation omitted). "[A]n individual may rebut that presumption by producing sufficient contrary evidence, such as a sworn affidavit support by circumstantial evidence corroborating the claim of non-receipt." *Id.* In this case, of all of the copies that the Court sent out by ordinary mail more than two months ago, only a few were returned. Specifically, the Post Office returned the mailings sent to Plaintiffs B. Calico-Hickey, Anthony Wedo and Carrie Wedo as "undeliverable." Judge Dickson stated that the remaining Plaintiffs are presumed to have received the Court's February 17, 2015 Order.

With regard to the Plaintiffs whose copies of the February 17, 2015 Order were returned as undeliverable, Judge Dickson noted that the Court attempted to contact those parties using the only addresses that those Plaintiffs' former counsel had on file. (See ECF Nos. 14, 15). Judge Dickson further noted that Local Civil Rule 10.1(a) actually "creates an affirmative duty for litigants to inform the court of any change in their address within seven days of said change." *Archie v. Dep't of Corr.*, No. 12-2466 (RBK), 2015 U.S. Dist. LEXIS 7783, *3 (D.N.J. Jan. 23, 2015); see also L. Civ. R. 10.1(a) ("Counsel and/or unrepresented parties must advise the Court of any change in their or their client's address within seven days of being apprised of such change by filing a notice of said change with the Clerk."). "Courts in this district have held that dismissing a plaintiff's complaint is an appropriate remedy for failing to comply with the Rule." *Archie*, 2015 U.S. Dist. LEXIS 7783 at *3-4 (collecting cases). The United States Court of Appeals for the Third Circuit has likewise found that dismissal is an appropriate sanction where a plaintiff has not provided the Court with an accurate mailing address. *See McLaren v. N.J.State Dept. of Educ.*, 462 F. App'x 148, 149 (3d Cir. 2012) ("[Although courts are normally required to consider whether a lesser sanction would be appropriate, '[t]he district court could not contact [the plaintiff] to threaten [her] with some lesser sanction. An order to show cause why dismissal was not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail.' Therefore, we conclude that the District Court did not abuse its discretion in dismissing the case as a sanction for McLaren's failure to provide the Court with an accurate mailing address.") (internal citation omitted).

Judge Dickson stated that the Court will attempt to send copies of this Order / Report and Recommendation to the following Plaintiffs, at what appears (based on the Court's best efforts) to be their appropriate e-mail addresses: (1) B. Calico-Hickey(calico@newmexico.com); and (2 and

3) Anthony and Carrie Wedo (listed together at anthony.wedo@gmail.com). Judge Dickson then recommended that, if those Plaintiffs do not timely respond to this Report and Recommendation and provide (1) notice of whether they intend to move forward with this lawsuit; and (2) notice of their current mailing address, those Plaintiffs' claims should be dismissed without prejudice, as the Court will have truly exhausted all avenues of attempting to secure their participation in this case.

For the balance of the Plaintiffs in this matter (i.e., those Plaintiffs, other than the three expressly discussed above, who did not attend the March 27, 2015 conference or contact the Court regarding their intentions in this matter), this Court finds that the only viable course of action would be to dismiss their claims without prejudice pursuant to Federal Rule of Civil Procedure 41(b). In short, Judge Dickson found that those Plaintiffs' failure to participate in this action makes adjudication of their claims impossible and, in such circumstances, "[a] District Court has the authority to dismiss a suit sua sponte for failure to prosecute by virtue of its inherent powers and pursuant to Federal Rule of Civil Procedure 41(b)." *See Shipman v Delaware*, 381 F. App'x 162, 164 (3d Cir. 2010); *Parks v. Ingersoll-Rand Co.*, 380 F. App'x 190, 195-96 (3d Cir. 2010) (noting the United States Supreme Court has held that Fed. R. Civ. P. 41(b) allows for *sua sponte* dismissals in the context of a failure to prosecute).

To date, the Court has received no objections with respect to Magistrate Judge Dickson's May 4, 2015 Report and Recommendation, nor have Plaintiff's Calico Hickey, Wedo, and Wedo submitted letters to the Court by May 25, 2015 as Ordered by Judge Dickson, and for good cause shown,

IT IS on this 8 day of **June, 2015**

**ORDERED** that the Report and Recommendation of Magistrate Judge Dickson, filed on April 13, 2015 [Docket Entry No. 21], is hereby **ADOPTED** as the findings of fact and conclusions of law of this Court; and it is further

**ORDERED** that pursuant to Federal Rule of Civil Procedure 41(b), the claims of the following Plaintiffs, who are presumed to have received the Court's February 17, 2015 Letter Order, but who neither attended the March 27, 2015 conference nor provided the Court with a reasonable explanation for their absence: (1) Leonard Calvaruso; (2) Linda Huffman; (3) Luke Jacobsen, Sr.; (4) Marvin Kaplan; (5) Martin Leonard; (6) Jennifer Leonard; (7) Nicholas Mancino; (8) Walter Meshenberg; (9) Robert Miller; (10) Tracy Miller; (11) Lyn Miller-

Oestereich; (12) Lawrence Ogbogu; (13) Lucy Cox; (14) Charlotte O'Brien; (15) Andrew O'Brien; (16) Darryl Peck; (17) Wallingford Reid; and (18) Elizaveta Smolovik are dismissed without prejudice; and it is further

**ORDERED** that because Plaintiffs (1) B. Calico-Hickey; (2) Anthony Wedo and/or (3) Carrie Wedo failed to timely provide letters to the Court (a) confirming whether they wish to proceed with this litigation; and (b) providing their current mailing addresses, said Plaintiffs' claims are dismissed, without prejudice, for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b), and as a sanction for their failure to comply with Local Civil Rule 10.1(a).

**IT IS SO ORDERED.**

Jose L. Linares
United States District Judge